UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>Plaintiff,<br><br>v.<br><br>THE MADERA COUNTY SHERIFF JAIL DIVISION, et al.,<br><br>Defendants. | No. 1:25-cv-00302-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF THIRTY DAYS TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on March 12, 2025.

On July 25, 2025, the Court screened Plaintiff's first amended complaint, found no cognizable claims, and granted Plaintiff leave to file an amended complaint. (ECF No. 10.)

Currently before the Court is Plaintiff's motion for reconsideration of the Court's July 24, 2025, screening order. (ECF No. 11.) Plaintiff states that he has a state-created due process liberty interest in pro se privileges and is entitled to a hearing and cause prior to the restriction on his privileges.

Local Rule 303(b), states "rulings by Magistrate Judges ... shall be final if no reconsideration thereof is sought from the Court within fourteen days ... from the date of service

1

of the ruling on the parties." Id.  Plaintiff's request for reconsideration of the July 24, 2025 was timely filed but must be denied.

In his motion, Plaintiff provides additional facts concerning his alleged pro se privilege and due process violation, citing Wilson v. Superior Court, 21 Cal.3d 816 (1978), which were not alleged in the first amended complaint.  (ECF No. 11.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. at 556–57. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466, (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

In Wilson, relying on Wolff, the California Supreme Court found that before a prison can restrict an inmate's pro per privileges, he must be given:

> (1) an opportunity to appear before the decision-making body, (2) written notice of the charge against him at least 24 hours in advance of the hearing, (3) an opportunity to present witnesses and documentary evidence if doing so will not be unduly hazardous to institutional safety, (4) an impartial hearing body, and (5) a written statement of the evidence relied on and of the reasons for the disciplinary action taken.

Wilson, 21 Cal. 3d at 825–26 (footnotes omitted); Nelson v. City of Los Angeles, No. CV 11–5407–PSG (JPR), 2015 WL 1931714, at *15 (C.D. Cal. Apr. 28, 2015).  "Except in an emergency situation, the privileges may be restricted only after such notice and hearing; in emergency situations, the notice and hearing should be provided as soon as practical but in no event more than 72 hours after initial restriction of the privileges[.]" Wilson, 21 Cal. 3d at 827.

Plaintiff is advised that if he intends to raise such allegations, he must include such allegations in his proposed amended complaint, specifically attributing facts to each named Defendant. The Court will not entertain piecemeal filings; rather, in his proposed second amended complaint, Plaintiff is required to include the facts he alleges demonstrate how each named Defendant violated Plaintiff's civil rights.  In addition, if Plaintiff intends to assert a due process claim, he must link his allegations regarding the Wilson hearing to a particular constitutional

violation and Defendant. <u>Nelson</u>, 2015 WL 1931714, at *3, 15.  Accordingly, Plaintiff's allegations must provide sufficient facts or context to show Defendant's involvement in this alleged violation or that Defendant had a policy or custom that caused the alleged violation of Plaintiff's rights.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed August 6, 2025 (ECF No. 11), is DENIED;

2. Plaintiff is granted **thirty (30)** days from the date of service of this order to file a second amended complaint that is complete in itself without reference to any prior pleading, <u>see</u> Local Rule 220; and

3. Failure to comply with this order will result in a recommendation to dismiss the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated:   **September 2, 2025**

STANLEY A. BOONE
United States Magistrate Judge