UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>             Plaintiff,<br><br>    v.<br><br>THE MADERA COUNTY SHERIFF JAIL DIVISION, et al.,<br><br>             Defendants. | No. 1:25-cv-00302-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint in this action on March 12, 2025. (ECF No. 1.)

On June 27, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.)

Plaintiff filed a first amended complaint on July 10, 2025. (ECF No. 9.) On July 24, 2025, the Court screened Plaintiff's first amended complaint, found no cognizable claims, and granted

1

Plaintiff one final opportunity amend the complaint.

In lieu of filing an amended complaint, Plaintiff filed a motion for reconsideration requesting to proceed on his first amended complaint. (ECF No. 11.) Plaintiff's motion for reconsideration was denied on September 2, 2025, and Plaintiff was granted thirty days thereafter to file a second amended complaint, if he so desired. (ECF No. 12.) Plaintiff failed to file a second amended complaint. Therefore, on October 14, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 13.) Plaintiff has not filed a response and the time to do so has passed. Accordingly, the operative complaint is Plaintiff's first amended complaint, which fails to state a cognizable claim for relief and dismissal is warranted.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

2

1   that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
2   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
3   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
4   liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
5   at 969.

## III.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Defendants Alvarez and Does 1 through 10 intentionally punished Plaintiff for being a criminal pro per by manipulating his telephone account and access starting on or about September 6, 2024, up until on or about the date Plaintiff signed a plea agreement in May 2025. This phone manipulation caused Plaintiff's ability to reach out to only one telephone number in its entirety. Additionally, on or about November 11, 2024 to May 2025, the phone account and access manipulation grew and Defendants intentionally caused all of Plaintiff's calls to cut out to silence on both ends, causing Plaintiff to have to hang up or await the silence to stop. This cycled routinely every 1.5 minutes, and every time Plaintiff would end the call and re-initiate it, Plaintiff was charged an additional initiation fee of approximately $1.00, which Plaintiff would not have been charged if Defendants did not intentionally manipulate the phone. As Plaintiff was a criminal pro-per this violated his access to call any and all other phone numbers in preparation of his defense which was blocked by Defendants' manipulation. In addition, Plaintiff has no other means to adequately prepare his defense because Defendants precluded him from visits and mail correspondence regarding his criminal and civil cases in which he had no attorney. As a result, Plaintiff suffered financial harm.

## IV.
## DISCUSSION

"Pretrial detainees have a substantive due process right against restrictions that amount to punishment." Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citations omitted).

3

1  Government restrictions on detainees are nonetheless permissible if they are "but an incident of
2  some other legitimate government purpose." Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535
3  (1979)). "For a particular governmental action to constitute punishment, (1) that action must
4  cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental
5  action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)
6  (citing Bell, 441 U.S. at 538).

7  Telephone restrictions are analyzed under substantive due process and the First
8  Amendment. Valdez, 302 F.3d at 1045-48. "Prisoners have a First Amendment right to telephone
9  access, subject to reasonable security limitations." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.
10  1996) (citing Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)), amended by 135
11  F.3d 1318 (9th Cir. 1998); see also Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000) (per
12  curiam) (concluding no right to a specific phone rate); Strandberg v. Helena, 791 F.2d 744, 747
13  (9th Cir. 1986) ("If the limitations on [phone] access are reasonable, there is no first amendment
14  violation"). The four-factor test of Turney v. Safley, 482 U.S. 78 (1986) is applied to make such a
15  determination.

16  In determining the reasonableness of the regulation at issue, courts consider four factors:
17  (1) whether there is a valid, rational connection between the regulation and the legitimate
18  governmental interest put forward to justify it; (2) whether there are alternative means of
19  exercising the right that remain open to the pretrial detainee; (3) the impact that accommodation
20  of the asserted constitutional right will have on guards and other inmates, and on the allocation of
21  prison resources generally; and (4) whether the existence of easy and obvious alternatives
22  indicates that the regulation is an exaggerated response by prison officials. Turner v. Safley, 482
23  U.S. 78, 89-90 (1987).

24  As an initial matter, Plaintiff fails to demonstrate that any specific and intentional action
25  was taken against him as punishment. Indeed, Plaintiff's allegations demonstrate nothing more
26  than potential, negligence, which does not give rise a claim under section 1983. The Ninth
27  Circuit has said that "a pretrial detainee who asserts a due process claim" must "prove more than
28  negligence but less than subjective intent – something akin to reckless disregard." Castro, 833

1  F.3d at 1071. Similarly, the Supreme Court has noted that constitutional deprivations which result
2  from mere negligence or accident are not actionable. Kingsley, 576 U.S. at 396; see also County
3  of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is
4  categorically beneath the threshold of constitutional due process"; Daniels v. Williams, 474 U.S.
5  327, 331-32 (1986) (a deliberate decision by a government office is required to establish a due
6  process violation).

The Ninth Circuit addressed the issue of an inmate's due process rights regarding telephone access in Valdez, 302 F.3d 1039 (9th Cir. 2022). The Court held that there is no constitutionally protected liberty interest in access to a telephone and no procedural due process violation where the applicable state law merely mandated "reasonable access to a telephone" and gave prison officials discretion to determine what access constituted reasonable access. Id. at 1045. Additionally, the court held there was no substantive violation since the restriction on the detainee's telephone access did not amount to impermissible punishment. Id. at 1045-47. Further, the Ninth Circuit clarified that where the Plaintiff alleges the restriction "interfered with [their] Access to family and friends, Plaintiff's allegations are not cognizable under the due process clause." Harrell v. Solano County Jail, et al., No. 2:14-cv-01592-AC-P, 2015 WL 5813700 (citing Wilkins v. Alameda Cnty., No. C 14-2516 LHK (PR), 2014 WL 5035445, at *1 (N.D. Cal. Oct. 7, 2014) (plaintiff's allegations the telephone system at the jail failed to state a cognizable claim under the due process clause, where plaintiff alleged only that the system interfered with his telephone communication with family and friends rather than his access to the courts.)

Further, an inmate's right to free expression under the First Amendment includes "the right to communicate with persons outside prison walls," and telephone access is one means of exercising that right. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002).

Plaintiff has not stated a cognizable access to courts claim against Defendants because his complaint concerns a lack of access to telephone communications with persons other than legal counsel; in fact, Plaintiff indicates he was representing himself.

**B.    Denial of Access to the Court**

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343,

5

1  346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by
2  Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal
3  appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55.
4  In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that
5  he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.
6  Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or
7  existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518
8  U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152,
9  1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been
10 frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at
11 353 & n.4).

12  Plaintiff brings an access to court claim against prison officials related to communication
13 regarding his "criminal" case. However, Plaintiff has not alleged an actual injury. See Lewis,
14 518 U.S. at 349-50 (finding that a plaintiff seeking to raise an access to courts claim must allege
15 that he has suffered an "actual injury" with respect to ongoing litigation). Indeed, Plaintiff
16 indicates that he signed a plea agreement in his criminal case. (ECF No. 9 at 3.) Accordingly,
17 Plaintiff fails to state a cognizable claim for denial of access to the court.

## V.

## ORDER AND RECOMMENDATION

20  Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly
21 assign a District Judge to this action.

22  Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure
23 to state a cognizable claim for relief.

24  This Findings and Recommendation will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**
26 **days** after being served with this Findings and Recommendation, Plaintiff may file written
27 objections with the Court, limited to 15 pages in length, including exhibits. The document should
28 be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge